Sarah Shapiro, Appellant, *v.* Moishe Shapiro and Another, Respondents.

First Department, March 7, 1924.

Real property — husband and wife — title in joint names of husband and wife creates gift to wife of estate by entirety — sale of property for cash payment and mortgage to husband and wife for balance — release by wife to husband of interest in mortgage in consideration of receipt of cash payment — husband procured return from wife of cash payment — wife entitled to rescission of release and to maintain action for one-half of cash payment — wife established prima facie case.

Where property purchased by a husband is taken in the joint names of himself and wife there is created a gift to the wife of an estate by the entirety in said property of which she cannot thereafter be deprived without her consent.

Where such property is sold for a cash payment with a purchase-money mortgage to the husband and wife for the balance, and the wife, in consideration of the payment to her of the cash received, releases to her husband her interest in

the mortgage, and he thereafter causes her arrest and procures from her the surrender of the cash payment, thereby causing a partial failure of consideration for the release, she is entitled to maintain an action for the rescission of the release and to recover one-half of the cash received for the premises.

In such an action, the plaintiff produced sufficient evidence to make out a *prima facie* case and it was, therefore, error to dismiss the complaint upon the ground that the plaintiff had furnished no part of the consideration with which the defendant purchased the premises.

APPEAL by the plaintiff, Sarah Shapiro, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 1st day of February, 1923, upon the decision of the court rendered after a trial at the Bronx Special Term dismissing the complaint upon the merits.

*Morris Grossman* [*Samuel E. Chasin* with him on the brief], for the appellant.

*Herman Weiss,* for the respondents.

FINCH, J.:

The defendant Shapiro put the title to certain property which he owned in the names of himself and his wife, the plaintiff in the action. The property was sold, and as a result there was a payment of approximately $1,493.52 and a delivery of a purchase-money mortgage of $1,250 in the names of the defendant and his wife. At the closing the defendant's wife took possession of the money paid, and when the parties arrived at their home, the plaintiff announced her intention of separating from the defendant and retaining the money, to which the defendant strenuously objected, the neighbors came in, and apparently persuaded the parties to make some sort of improvised separation agreement, whereby the plaintiff retained the money in her possession and gave to the defendant a release of her interest in the mortgage. The following day when the plaintiff came to get her personal effects the defendant caused her arrest, and procured from her the surrender of the money, returning to her $350 thereof. The plaintiff brought this action to have the aforesaid release canceled and to recover one-half of the cash received by the defendant on account of the sale of the premises.

The court dismissed the complaint at the close of plaintiff's case because it appeared the plaintiff had furnished no part of the consideration with which the defendant purchased the premises in question, and hence, the court held, the plaintiff had no interest therein. In this the learned court was in error.

Notwithstanding the consideration was furnished entirely by the defendant when he put the property in the joint names of himself and his wife, there was created a gift to his wife of an estate

by the entirety in said property, of which she could not thereafter be deprived without her consent. The relationship of husband and wife negatived any resulting use. (*Weigert* v. *Schlesinger,* 150 App. Div. 765; affd., 210 N. Y. 573.) When the property was sold there was a dispute concerning the rights of the parties in the proceeds, and an agreement of division was entered into whereby the plaintiff surrendered her interest in the mortgage to the defendant in consideration of the defendant surrendering his interest in the cash and permitting the plaintiff to retain the same.

While the plaintiff does not set forth in her complaint with clarity her contention that the defendant abrogated the agreement by depriving her of the larger part of the consideration which she received for entering into the agreement, yet the plaintiff does set forth the facts from which such an inference may fairly be drawn, particularly in the absence of an objection upon this ground from the defendant. When the defendant thus sought to obtain through the medium of this alleged pretended agreement on his part all the proceeds of the sale of the property of himself and wife, thereby causing a partial failure of consideration, the plaintiff had a right to rescind and to bring this action to restore her to the *status quo ante* by canceling the written assignment of her one-half interest in the mortgage. (*Callanan* v. *K., A. C. & L. C. R. R. Co.,* 199 N. Y. 268.) The plaintiff produced sufficient evidence to make out a *prima facie* case and put the defendant to his proof, instead of a dismissal of her complaint at the close of her case.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. Settle order on notice.