MARGARET H. YAX, Plaintiff, *v.* ALBERT C. YAX and Another, Defendants.

ALBERT C. YAX, Plaintiff, *v.* MARGARET H. YAX, Defendant.

Supreme Court, Erie County, November 9, 1925.

**Husband and wife — action by wife for partition of real estate held as tenant in common with former husband — husband sought to have himself declared sole owner of said property in second action — husband, after marriage, caused property to be transferred from his sole ownership through third party to himself and wife as tenants by entirety — funds from sale of said property were deposited in joint account in bank and subsequently reinvested in property now sought to be partitioned — husband subsequently divorced wife — parties became tenants in common after divorce — gift by husband to wife of estate by entirety — evidence — testimony by husband as to alleged confession of adultery by wife, incompetent under Civil Practice Act, § 349.**

In an action by the plaintiff, wife of the defendant, for partition of real estate, jointly tried with an action by plaintiff's former husband to have himself declared sole owner of the said property, said plaintiff is entitled to judgment, where it appears that the defendant, after having married the plaintiff, caused certain real estate to be transferred from his sole ownership through a third party to himself and his wife as tenants by the entirety; that thereafter the funds from the sale of said property were deposited in a bank to the joint credit of both parties and subsequently reinvested in a deed to said parties as tenants by the entirety of the real estate now sought to be partitioned; and that subsequently said husband obtained a final judgment of divorce from his wife upon the ground of adultery, since the relationship of tenants by the entirety having been severed by the divorce, said parties became tenants in common in the absence of any evidence to the contrary.

Moreover, the vesting by said husband of an estate by the entirety with himself to his wife in the original real estate, the deposit of the proceeds from the sale thereof in a joint bank account, and the subsequent reinvestment of said proceeds in the property now sought to be partitioned, constituted a valid gift by the husband to the wife of an estate by the entirety.

Testimony on the part of the husband as to an alleged confession of adultery by his wife, claimed to have been made to him, and of an alleged agreement by him to purchase the real property in question in their joint names upon his wife's promise to refrain from further adultery was properly excluded as incompetent under section 349 of the Civil Practice Act.

ACTIONS, first, by wife for partition and, second, by her former husband to have himself declared the sole owner of the property in question.

*J. Henry Madden*, for Margaret H. Yax.

*Stephen V. O'Gorman*, for Albert C. Yax.

HINKLEY, J.:

The first above-entitled action asks for partition of a house and lot in Chelsea place in the city of Buffalo. The second above-

entitled action is brought to declare its plaintiff, Albert C. Yax, the sole owner of the said real estate. The two actions, upon stipulation, were jointly tried at a regular Equity Term of this court, as they presented the one issue for the court to determine, to wit: Is Margaret H. Yax an equal tenant in common with Albert C. Yax of the said real estate or is Albert C. Yax the sole owner or entitled to the entire proceeds?

Upon the trial Albert C. Yax, the former husband of Margaret H. Yax, was prevented by the court from testifying to an alleged confession of adultery by his wife, which confession, it was claimed, was made to the husband. Albert C. Yax was also prevented by the court from testifying to an alleged agreement by him to purchase the real property in question in their joint names upon the wife's promise to refrain from further adultery, which promise it is claimed was broken.

This testimony was clearly incompetent and properly excluded. (Civ. Prac. Act, § 349; *Warner* v. *Press Pub. Co.*, 132 N. Y. 181, 185, 186.)

The evidence upon the trial showed that sometime after marriage Albert C. Yax caused a piece of real estate on Leroy avenue to be transferred from his sole ownership, through a third party, to himself and wife as tenants by the entirety. That property was sold and the proceeds, about $2,000, were deposited in a bank to the joint credit of the husband and wife. Later that sum was withdrawn from the joint account and paid in part payment for a deed to the husband and wife, as tenants by the entirety, of the real estate sought to be partitioned on Chelsea place.

On August 8, 1924, Albert C. Yax obtained a final judgment of divorce from his wife, Margaret H. Yax, upon the ground of her adultery. The relationship of the tenants by the entirety having been severed by divorce they became tenants in common. (*Stelz* v. *Shreck*, 128 N. Y. 263.)

In the absence of evidence to the contrary, the shares of the two tenants in common are presumed to be equal. (*Jackson* v. *Moore*, 94 App. Div. 504, 507.)

The vesting by Albert C. Yax of an estate by the entirety with himself to his wife in the Leroy avenue property; the deposit of the proceeds from the sale thereof in a joint account in the bank, and the reinvestment of those proceeds in the property sought to be partitioned as tenants by the entirety, constituted a valid, completed gift by the husband to the wife with love and affection as a valid consideration. (*Adee* v. *Hallett*, 3 App. Div. 308, 312.)

" Notwithstanding the consideration was furnished entirely by

the defendant when he put the property in the joint names of himself and his wife, there was created a gift to his wife of an estate by the entirety in said property, of which she could not thereafter be deprived without her consent." (*Shapiro* v. *Shapiro*, 208 App. Div. 325, 326; *Weigert* v. *Schlesinger*, 150 id. 765; 210 N. Y. 573.)

" It cannot be that a gift voluntarily made, without mistake or fraud, can be at will recovered back." (*Haviland* v. *Willets*, 141 N. Y. 35, 52.)

The husband's claim that he be decreed the sole owner of the real estate on Chelsea place is met by the obstacle contained in section 94 of the Real Property Law, that " the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration or in his favor  *  *  *." (*Bell* v. *Little*, 204 App. Div. 235; affd., 237 N. Y. 519.)

We are not compelled to reconcile the latter decision with that of *Perrin* v. *Harrington* (146 App. Div. 292) because the *Perrin* case presented no question of a gift, the real property statute was not invoked, and equity decreed that the tenancy in common should be divided, two-thirds and one-third. In the case at bar no equitable principle demands that the wife be penalized for her adultery by being deprived of her vested interest in the real estate in question.

Judgment may be entered in both actions, in accordance with this opinion.