In the Matter of the Petition of THOMAS F. KILCOURSE and Another, Two of the Executors, etc., of JOHN J. KILCOURSE, Deceased, to Render and Settle Their Account of Proceedings of the Executors of JOHN J. KILCOURSE, Deceased. LAURA M. KILCOURSE, Appellant; THOMAS F. KILCOURSE and Another, as Executors, etc., of JOHN J. KILCOURSE, Deceased, and Another, Respondents.— Appeal from a decree of the Surrogate's Court of Kings county confirming the report of the referee and settling the account of the executors. The decree of the Surrogate's Court of Kings county is modified so as to provide that the claim of the appellant, Laura M. Kilcourse, under the pre-nuptial agreement by which the testator agreed to give to her all of the net income of the residue of his real and personal property for and during the term of her natural life, or so long as she shall remain his widow, be allowed, and that the said appellant is entitled to one-half of the net rentals of the " small garage " property collected by the testator during his lifetime and deposited by him in the Brooklyn Trust Company in the name of " John J. Kilcourse, Special," as shown in Schedule A-1 of the account, and to one-half of the amount collected by the executors on their judgment against the tenant Schaap for rent of said " small garage " property that accrued during the lifetime of the testator and to one-half of the net amount received by the testator on account of the Carroll mortgages and deposited by the testator in said special account. As so modified the decree is affirmed, with costs to the appellant and the respondents, payable out of the estate. The matter is remitted to the Surrogate's Court of Kings county for the taking of necessary proofs and the settlement of the account of the executors and for the making of a new decree in accordance herewith. In our opinion, the appellant established, by clear and convincing proof, a pre-nuptial agreement, in the month of August, 1921, the substance of the proofs being as follows: Early in August, 1921, the testator, to induce the appellant, who then held a lucrative public office, to marry him, and in order to remove the opposition to such a marriage on the part of the appellant's sisters, with whom she lived, agreed, in the event of such marriage, to give to the appellant, upon his death, the entire net income of all the property, both real and personal, of which he might die seized and possessed, so long as she should remain his widow, in consideration of which agreement the appellant promised the testator to take care of his twelve-year-old son until he should reach the age of twenty-one years; that in consummation of such oral agreement, the testator, on the 16th day of August, 1921, in the presence of the appellant, executed appellant's Exhibit 7, which is in the form of a last will and testament, a copy of which on that day he gave to the appellant, and in and by which he devised and bequeathed unto the appellant " in the event of our marriage " all the net income of the real and personal property of which he might die seized and possessed; that five days later, in pursuance of said agreement, the appellant and testator were married and lived together until his death in September, 1932; that pursuant to said agreement, the appellant cared for the testator's said infant son until he reached his majority, and has remained his widow since the death of the testator. These facts, which are not in dispute, establish a valid and enforcible pre-nuptial agreement which was breached by the testator when, on the 26th day of January, 1928, without the knowledge or consent of the appellant, he executed another will by which he made other disposition of his real and personal property. The " small garage " property was owned by the appellant and the testator as tenants

by the entirety. The Carroll mortgages were in their joint names. The rents and interest were collected by the testator and deposited in his said "special account." Lazansky, P. J., Scudder and Tompkins, JJ., concur; Hagarty, J., votes to affirm the decree in its entirety. Davis, J. (memorandum). I concur in so far as the decree is modified to allow the widow to retain one-half the rentals of the "small garage" held by the husband and wife as tenants by the entirety, as it sufficiently appears that it was the intent of the parties to share the rentals equally. As to that part of the decision declaring the existence of an ante-nuptial agreement, I dissent and vote to affirm. The will executed August 16, 1921, was not the written evidence of such an agreement, but was revocable, no matter what representations were made by the testator. The husband in his lifetime and by his later will provided amply for his wife in accord with any oral agreement had between them.