MARGARET J. TIPPIN, Plaintiff, *v.* VERNON F. KING, Defendant.

Supreme Court, Trial Term, Erie County, April 18, 1946.

*Harry D. Sanders* for plaintiff.

*John Barry* for defendant.

Swift, J. The plaintiff brings this action to partition the property which the parties formerly held as tenants by the entirety. The parties were married in the year 1922, and in 1926 the defendant purchased the property in question. At that time, the plaintiff insisted that the property be taken in the names of both parties, giving as her reason that if it were not, the defendant's son by a previous marriage would in case of the defendant's death have certain rights in the property and she told the defendant that unless her name was on the deed, there would be trouble between them. He at length consented and the property was taken in the name of both parties. Thereafter and in 1937, the plaintiff without good cause deserted the defendant, taking with her their son who was born in 1928. She went to Florida and there secured a divorce from defendant by publication of the summons, after which she married her present husband and lives with him in Cleveland, Ohio.

When the defendant learned of this, he brought an action in this State against the plaintiff for divorce and a decree was entered granting to him a divorce and the custody of their son, which provided that the plaintiff would have the right to see her son on Saturdays and Sundays of each and every week at the home of the defendant. The plaintiff was " to have custody of said child for the month of July of each year provided the said child cares to go with his mother, subject to the further order of the court."

In 1939, the plaintiff asked that the boy spend the summer with her and the defendant took him to Ohio for that purpose, but he insisted that she sign an agreement to return him in time for school that year. She refused to sign the agreement and he brought his son back with him. Then the plaintiff came to the defendant's home again and said she was willing to sign said agreement, which she did, and thereupon, the defendant delivered his son to plaintiff. She took him to Cleveland but did not return him as she had promised, but secreted him so that the defendant has never been able to see his son again.

The defendant, in his answer, set up a counterclaim that the original conveyance to the parties as husband and wife "was to be taken pursuant to an agreement then and there had with the plaintiff and the plaintiff entrusted with the legal title of said premises for the sole and only purpose of insuring that in case of his pre-decease, the title to the family home would by operation of law devolve upon plaintiff free of any claim of defendant's heirs, next of kin, or others."

He then sets up in said counterclaim the abandonment without provocation and the divorce which was awarded in this State dissolving his marriage with the plaintiff and asks that this court declare him in equity the sole owner of said premises and direct the plaintiff to reconvey legal title of the same to the defendant. The plaintiff moved to strike this counterclaim and the next, of which I will speak later, and it was so ordered by the court at Special Term. On appeal, the Appellate Division reversed the order, holding that both were proper counterclaims (268 App. Div. 888).

Upon the trial before a jury of an agreed question of fact submitted, it was stipulated that this court should also try the question of fact involved in this first counterclaim.

I am of the opinion that the evidence does not warrant me in declaring the title to the property to be in the defendant. The plaintiff insisted that the property be deeded to them as tenants by the entirety and she was guilty of no fraudulent representations in so doing. She stated that she wanted the defendant's son by a previous marriage cut off from any interest in the property, and this was done. Thereafter the parties lived together as husband and wife for a number of years and a son was born to them. I appreciate there is nothing sacrosanct about a title by the entirety, but the courts have held that where property is deeded to husband and wife, they become tenants in common upon the dissolution of the marriage, even at the fault of the wife (*Yax* v. *Yax*, 125 Misc. 851, affd. 211 App. Div. 872, affd. 240 N. Y. 590). I am not unmindful that equity will go to great length to prevent an unjust enrichment such as the plaintiff here seeks, but I cannot believe that any constructive trust can be spelled out by the wife's misconduct years after the original taking of title and therefore I find that she is entitled to pursue her remedy to partition the property.

The defendant also set up a third separate defense as a counterclaim to the alleged cause of action in the complaint, alleging the judgment of divorce granted to him and the custody of his infant child in which action the plaintiff appeared person-

ally and by counsel, and " That thereafter, wilfully, wantonly and maliciously, with intent to defeat the terms of said judgment, and to deprive this defendant of the benefit thereof, the plaintiff by means of a written promise to return the said child to the defendant at the expiration of one month, persuaded this defendant to permit the child to visit her beyond the jurisdiction of this court. * * * That said promise was made by the plaintiff with the false and fraudulent intent of deceiving this defendant and persuading him to permit the said child to go beyond the jurisdiction of this Court and to retain custody of him thereafter. * * * That relying upon said promise and being deceived by the plaintiff as to her intention respecting the same, this defendant did thereafter on the 5th day of July, 1939 permit * * * Wallace G. King, to visit plaintiff but plaintiff thereafter refused to permit the said child to return to defendant or within the jurisdiction of this Court * * *. That by reason of the premises the defendant has suffered loss and injury and has incurred expenses in travelling to and from the City of Cleveland and in remaining there for sustained periods of time away from his employment and legal expenses in efforts to secure custody of said son Wallace G. King in accordance with the judgment of this court, and has been deprived of and lost the enjoyment of the * * * companionship and * * * opportunity to see to his training and education * * *." This counterclaim has been held good by the Appellate Division, and upon the trial, the defendant proved all of the allegations thereof and the jury found for the defendant and fixed his damages at $1,203.45, and the plaintiff now moves to set aside that verdict. The defendant has proved all of the allegations in this counterclaim and the Appellate Division having determined the counterclaim good, plaintiff's motion must be denied.

The judgment of the court is that said real property be sold by or under its direction and conveyance given to the purchaser; that out of the moneys arising from said sale, the defendant receive the sum of $1,203.45, together with the costs and disbursements of this action, and that the residue of the money arising from said sale, after the expenses of this proceeding have been paid, be divided between the plaintiff and defendant equally.