FREDERICK O. HOSFORD, Respondent, *v.* ISABEL HOSFORD, Appellant.

Fourth Department, May 26, 1948.

*William Goldman* for appellant.

*Edwin M. Harvie* for respondent.

McCURN, J. This is an action for partition. The amended complaint alleges: that plaintiff and defendant were married on December 13, 1937; that they acquired title to the real estate in question by deed dated June 24, 1944, in which "Frederick O. Hosford and Isabel Hosford, his wife" (plaintiff and defendant herein) were named as grantees; that on the 27th day of June, 1944, plaintiff and defendant executed and delivered to the mortgagee a mortgage upon said premises; that on the 10th day of March, 1947, an interlocutory decree of divorce was granted in favor of the plaintiff husband and that said decree became final on June 18, 1947. The complaint further alleges:

"4. That on or about the 27th day of June, 1944, and at the time of the delivery of the deed to the plaintiff and defendant, the plaintiff paid to the grantor in said deed named, the sum of Five Hundred Dollars, as and for a portion of the purchase price of the said lands.

"5. That since the making of said mortgage as aforesaid, by the plaintiff and the defendant, this plaintiff has paid to the mortgagees therein named, the sum of Three Hundred Twelve Dollars and forty-seven cents, principal and interest.

" 6. That the plaintiff has paid to the Federal Housing Administration of Washington 25, D. C., the sum of One Hundred Twenty-three Dollars and fifty-four cents on account of improvements made to the dwelling on the lands described in the aforesaid deed.

" 7. That all the said sums aforesaid, were paid by the plaintiff with his own monies and no part of said sums were paid by the defendant in this action."

Plaintiff's prayer for relief in addition to the usual prayer in a partition action demands judgment " that all sums paid by the plaintiff for said premises and the improvements thereon, be made a lien upon the said premises or in case of a sale thereof, upon the monies derived therefrom  *  *  *."

Defendant made a motion at Special Term to strike out paragraphs 4, 5, 6 and 7 of the complaint " as irrelevant and redundant, and as tending to prejudice, embarrass or delay the fair trial of this action." This appeal is from the order denying that motion.

Since the parties took title to the property in question as husband and wife without any restriction, they thereupon became tenants by the entirety (*Bertles* v. *Nunan*, 92 N. Y. 152; *Stelz* v. *Shreck*, 128 N. Y. 263; *Shapiro* v. *Shapiro*, 208 App. Div. 325). That tenancy being founded upon the marriage relation continues during the life of the marriage. When the marital status is broken by divorce the tenancy is severed and the parties become tenants in common of the property (*Stelz v. Shreck*, 128 N. Y. 263, *supra*). A partition action will thereafter lie between the divorced parties (*Yax* v. *Yax*, 240 N. Y. 590) and " In the absence of any evidence to the contrary the shares of the two tenants in common are presumed to be equal " (*Yax* v. *Yax*, 125 Misc. 851, 852, affd. 217 App. Div. 714). The complaint so alleges. The fact that the husband provided the purchase price in the first instance does not alter that situation. When title was taken in the names of the husband and wife so as to create a tenancy by the entirety the law will presume a gift upon the husband's part based upon mutual love and affection (*Shapiro* v. *Shapiro*, 208 App. Div. 325, *supra*; *Yax* v. *Yax*, 125 Misc. 851, affd. 217 App. Div. 714, *supra*). Moneys expended during the existence of the marriage by the husband for mortgage principal, and interest, and for improvements on the marital dwelling house, fall in the same category.

A different situation, however, arises at the time when the tenancy by the entirety is severed by the divorce decree. The tenancy in common originated then (*Carpenter* v. *Carpenter*, 130

Misc. 701, 703). Any expenditures in the nature of mortgage payments, interest, improvements, etc., from that time on are subject to the equitable rules commonly applied in making distribution between tenants in common of the proceeds in a partition action (see 8 Carmody on New York Pleading and Practice, §§ 537–545; *Hannan* v. *Osborn,* 4 Paige Ch. 336; *Green* v. *Putnam,* 1 Barb. 500; *Ford* v. *Knapp,* 102 N. Y. 135; *Cosgriff* v. *Foss,* 152 N. Y. 104).

Paragraph 4 should be stricken from the complaint; paragraphs 5, 6 and 7 should remain to permit a development of the facts as to when and under what circumstances the alleged expenditures were made. The order appealed from should be modified, on the law, accordingly, and as so modified affirmed, without costs.

All concur. Present —TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Order modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.