RUTH E. SECRIST, Appellant, *v.* RAYMOND E. SECRIST, Respondent.

Fourth Department, July 8, 1954.

*Walter J. Holloran* for appellant.

*Harold J. Stiles* for respondent.

McCURN, P. J. Plaintiff and defendant were married in 1935. In 1942 they took title as tenants by the entirety to a house and lot known as 317 West Avenue in the village of Newark, New York, which they occupied as their matrimonial domicile until April 4, 1952, when they separated. At about the time of the separation they entered into a contract with one Allyn B. Wrench for the sale of said premises. Before the execution and delivery of a deed these parties became involved in a dispute as to how the proceeds of the sale should be divided. The plaintiff wife took the position that she was entitled to one half of the proceeds of the sale and refused to join in the execution of a deed to the purchaser unless the husband would agree that she should receive one half of the proceeds of the sale. The husband refused to so agree and Mr.

Wrench thereupon brought an action for specific performance against both the husband and wife. Summary judgment was granted in that action directing the husband and wife to specifically perform their contract of sale. That judgment provided that the proceeds be paid into court " to the credit of Raymond E. Secrist and Ruth E. Secrist as their interests may appear unless the defendants can arrive at an agreement as to the division of such proceeds."

In the meantime the plaintiff had brought this action for divorce against her husband. The defendant husband in his answer to the complaint in the divorce action asked among other things that the court " direct the payment of all of the aforesaid net proceeds of the sale of the house, garage and lot previously belonging to the parties and located at 317 West Avenue, Newark, New York, or such part thereof as to the Court shall seem just and equitable, to the defendant." The issue involving the ownership of the proceeds arising from the sale of the real property was litigated upon the trial of the divorce action. The judgment thereafter entered contained a decree of divorce in favor of the plaintiff wife. It further ordered, adjudged and decreed that the sum of $10,971.36 " representing the net proceeds of sale of certain real property known as 317 West Avenue, Newark, New York, and owned by the parties hereto as tenants by the entirety, is the sole and separate property of the defendant, Raymond E. Secrist ". It is from this latter part of the judgment that the plaintiff wife appeals.

The testimony taken upon the trial developed the fact that when the property held by the parties as tenants by the entirety was acquired, the defendant husband made the down payment of $3,500 from the proceeds of a bonus check received from his employer and that he afterward made all of the payments upon the mortgage and all of the carrying charges on the property. It was upon the theory that the husband had paid the entire purchase price for the property which he and his wife took as tenants by the entirety that the trial court awarded him the entire net proceeds upon the sale.

When the husband and wife executed and delivered the deed to the purchaser of the property their tenancy by the entirety became terminated and the parties became owners of the proceeds of the sale as tenants in common (*Matter of Blumenthal,* 236 N. Y. 448; *Stelz* v. *Shreck,* 128 N. Y. 263). There is a presumption that tenants in common hold in equal shares but

this presumption may be rebutted when the facts show that they hold in different shares (*Perrin* v. *Harrington,* 146 App. Div. 292; *Jackson* v. *Moore,* 94 App. Div. 504; *Bell* v. *Little,* 204 App. Div. 235, 238).

The respondent takes the position that by reason of the fact that the husband contributed the entire purchase price at the time when he and his wife took title as tenants by the entirety and since the wife made no financial contribution at all to the purchase price that he is entitled to the entire net proceeds of the sale. Such contention overlooks the fact that for the period of years intervening the acquisition of the property and its sale the husband and wife held title to and occupied the premises as tenants by the entirety. The result so reached is the same as though title had been in the husband's name alone.

As tenants by the entirety their respective interests in the property were alike. Each had a right to the use and enjoyment of the property upon continuance of the marital status during their joint lives. Each would be entitled to the entire ownership of the property upon the death of the other. Each could convey or mortgage his or her own interest but could not in any way curtail the interest of the other (*Hiles* v. *Fisher,* 144 N. Y. 306; *Grosser* v. *City of Rochester,* 148 N. Y. 235). The fact that the husband may have contributed the entire purchase price and the wife nothing or vice versa does not govern the rights or ownership of either in the property. The law implies a gift on the part of the spouse who furnishes the consideration (*Weigert* v. *Schleisinger,* 150 App. Div. 765, affd. 210 N. Y. 573). Their respective interests as tenants by the entirety being the same and equal during their joint lives as husband and wife each of them parted with an equal interest when they executed and delivered the deed. It naturally follows that each is entitled to an equal share in the consideration given for the deed (See *Matter of Blumenthal,* 236 N. Y. 448; *Carpenter* v. *Carpenter,* 130 Misc. 698; *Shapiro* v. *Shapiro,* 208 App. Div. 325; *Villone* v. *Villone,* 135 Misc. 512, affd. 228 App. Div. 884; *Franklin Square Nat. Bank* v. *Schiller,* 202 Misc. 576; *Yax* v. *Yax,* 125 Misc. 851, affd. 217 App. Div. 714, and *Hosford* v. *Hosford,* 273 App. Div. 659).

That part of the judgment appealed from should, therefore, be reversed and judgment entered adjudging that the plaintiff and defendant are each entitled to one half of the proceeds of the sale of the real property.

Judgment insofar as appealed from reversed on the law, with costs, and judgment directed to be entered adjudging that plaintiff, Ruth E. Secrist, and defendant, Raymond E. Secrist, are each entitled to one half the proceeds of the sale of the real property.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler, and Van Duser, JJ.