Bernard S. Meyer, J.
Motion for an order modifying and confirming as modified the report of the Referee granted to the extent of confirming the report of the Referee without modifica *418 tion and directing a judgment of partition in accordance therewith.
The objection to the report relates to the rejection by the Referee of a claim by Ernest Stevans for one half of $1,115, the sum expended by Ernest Stevans for mortgage payments, taxes and insurance between March 10, 1954 (the date of the separation agreement between the parties) and December 22, 1954 (the date of the decree divorcing them) on premises owned by Margaret Stevans and Ernest Stevans as husband and wife.
It is well settled that the taking of title in the name of husband and wife creates a tenancy by the entirety entitling each of the parties to equal interest in the property and that this rule applies notwithstanding the fact that the husband may have contributed the entire purchase price and the wife nothing, or vice versa. The law implies a gift on the part of the spouse who furnishes the consideration, and upon a sale, each is entitled to an equal share of the proceeds. (Secrist v. Secrist, 284 App. Div. 331, affd. without opinion 308 N. Y. 750; Weigert v. Schlesinger, 150 App. Div. 765, affd. without opinion 210 N. Y. 573; Hosford v. Hosford, 273 App. Div. 659; Pisarek v. Pisarek, 264 App. Div. 986; Shapiro v. Shapiro, 208 App. Div. 325.)
The implication of a gift applies to payments for mortgage, taxes and insurance made at any time before a final decree of divorce converts the tenancy by the entirety into a tenancy in common. (Hosford v. Hosford, supra; Middleton v. Middleton, 123 N. Y. S. 2d 231; cf. Enzler v. Enzler, 145 N. Y. S. 2d 173.) The principle of law thus enunciated stems from the nature of the relationship and does not depend on the parties living together at the time the payment is made or upon there being a marital dwelling or there actually being love and affection between them. (T. G. W. Realties v. Long Is. Bird Store, 151 Misc. 918, 922.) Marios v. Martos (206 Misc. 860) relied upon by defendant, concerned income rather than proceeds of sale and is, therefore, distinguishable. To the extent that it may be considered contrary to the rules above stated, however, I decline to follow it.
This is not to say that the parties may not, by contract between themselves, agree that constributions shall be made, or that their, interests in the property shall be other than as tenants by the entirety. Clearly section 56 of the Domestic Relations Law authorizes such agreements between husband and wife. In this case, however, no such agreement was made. "While the agreement of March 10, 1954 between the parties provided in part that the real property be sold “as quickly as practical at a price agreed upon by both parties, and all *419 money received after legal and brokerage expenses deducted shall be divided equally between the parties hereto,” that agreement did not of itself effect a partition and did not concern itself with expenses prior to actual sale. Bather it speaks only of “legal and brokerage expenses” giving rise to the implication that no expenses other than ‘ ‘ legal and brokerage expenses ” were to be deducted or shared.
The telegram directed to the court by the defendant has not been considered since a party who has an attorney cannot act in person. (Civ. Prac. Act, § 236.)
Settle order on notice.