John P. Cohalan, Jr., J.
In addition to seeking a judgment of separation, plaintiff wife has asked the court to determine that she is entitled to sole ownership in fee of the real property currently owned hy the parties as tenants by the entirety.
As to the separation itself, judgment has been granted to the plaintiff on the dual grounds of cruel and inhuman treatment and for failure to provide, with provision included for the payment of alimony and counsel fees.
Testimony adduced before the court revealed that the parties own a frame dwelling with (inter alia) three bedrooms and two bathrooms. Even after the within action was commenced and indeed down to the present day the defendant husband has remained as an occupant-owner on one floor and his wife and stepson sleep in separate bedrooms on another.
The subject premises (house and 40'xlOO' lot) were purchased in the year 1959, on the figurative shoestring. A down payment of $1,500 was advanced to the parties by the wife’s father; the seller took back a bond and second purchase-money mortgage of $1,500 and a bank advanced some $10,500 on a first mortgage.
Concededly husband and wife paid off the second mortgage in equal shares. But as to the first mortgage, plaintiff wife cliams that she made all the amortization payments and introduced receipts to substantiate her testimony. In that connection, it is of interest to note that as far as receipts go, the bare *1099 indication is that the husband made all payments on the second mortgage.
The position of the husband is that by mutual agreement he turned over most of his rather meager earnings to his wife out of which she paid the household bills, and that from her earnings, also rather meager, she made the monthly amortization payments on the first mortgage.
The statute under which relief is sought by plaintiff is section 234 of the Domestic Relations Law as amended by chapter 685 of the'Laws of 1963. In pertinent part it reads: “ In any action for * * * a separation * * * the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties.”
There was no fraud, duress, over-reaching or undue persuasion practiced by the defendant upon his wife either at the time of purchase or thereafter. (Cohen v. Cohen, 42 Misc 2d 743.) But the position of the plaintiff appears to be that since she has borne most of the financial burden in the maintenance of the real property she should now have title to it and that the court should exercise its discretion in her favor to see that such title is given to her.
The court does not see eye to eye with the plaintiff in her interpretation of the statute as applied to the facts herein. Her position fits more into the framework— if she was a joint tenant or tenant in common rather that one by the entirety — of section 1201 of the Real Property Actions and Proceedings Law, formerly section 532 of the Real Property Law. Certainly if the Legislature had intended to effect so sweeping a substantive change in the law as contended for by plaintiff, it would have said so in clear and unmistake able terms, as it did when dower and curtesy were abolished in the year 1930.
The “Practice Commentary” which follows section 234 of the Domestic Relations Law, Volume 14, McKinney’s Consolidated Laws, pages 123 to 128, inclusive, contains the statement at page 126 that: “ The legal criteria by which title questions are to be decided between husband and wife are not in any manner changed by section 234. The section in this regard affects only a procedural change. If, before the effective date of section 234 (September 1, 1963), one spouse had a right to a conveyance of a given parcel from the other, or any other right affecting ‘ title ’ which right has not been previously litigated, the right subsists. If there would have been no such right on *1100 the facts of the case prior to that time, no such right may be regarded as emanating from section 234. The only difference traceable to section 234 is that such an issue, or cause of action, may now be litigated in a marital action (subject to the court’s powers of severance and separate trial under CPLR 603).”
This is sound reasoning and as instantly applied comports with the decision in Hosford v. Hosford (273 App. Div. 659) (4th Dept.) at page 661: “ The fact that the husband provided the purchase price in the first instance does not alter that situation. When title was taken in the names of the husband and wife so as to create a tenancy by the entirety the law will presume a gift upon the husband’s part based upon mutual love and affection (Shapiro v. Shapiro, 208 App. Div. 325, supra; Yax v. Yax, 125 Misc. 851, affd. 217 App. Div. 714, supra). Moneys expended during the existence of the marriage by the husband for mortgage principal, and interest, and for improvements on the marital dwelling house, fall in the same category.” (See, also, Sterns v. Stevans, 20 Misc 2d 417.)
What is sauce for the goose is sauce for the gander. In this enlightened age when women demand equal standing with men in all fields of endeavor, they should be prepared to share the burdens as well as to accept the benefits. Thus, in the instant action the drastic relief sought is denied and the court leaves the parties as it found them with respect to both title to and possession of the subject real property.