Harold D. Haslett, Respondent, v. Jean F. Haslett, Appellant.

Third Department, April 13, 1966.

*Singer & Singer* (*Sidney H. Singer* of counsel), for appellant.

*Tanenhaus & Rosenberg* (*Frederick D. Rosenberg* of counsel), for respondent.

HERLIHY, J. The plaintiff and defendant are husband and wife, having been married in the State of California in 1946. There are five children of the marriage. The plaintiff, hereinafter referred to as the husband, and the defendant, hereinafter referred to as the wife, owned real property in the State of New York, as tenants by the entirety, and which they operated as a farm since moving to New York State in 1952.

In 1961 the wife procured the commitment of the husband to a mental institution and while he was so confined, sold the personalty used in operating the farm and thereafter entered into a contract to sell the realty, which sale was prevented by the husband upon obtaining his release from the institution. While the husband was confined, the wife left the State, taking the children with her, established residence in California and instituted divorce proceedings which are not material to the present issues. Subsequently the husband instituted an action for separation in this State, the wife being personally served with process in the State of California, and upon her default the separation was obtained, which judgment granted the husband custody of two of the children then residing with him. The wife was directed to pay $50 per week for their support, maintenance and education and the husband was given the exclusive occu-

pancy and possession of the farm premises with leave, upon default by the wife of making such payments, to petition for sequestration and sale of the said premises to meet the support payments.

The wife failed to make the payments and the husband petitioned for sequestration and sale of the said premises, pursuant to section 233 of the Domestic Relations Law, and again, upon the wife's default, obtained an order appointing a Receiver of the real property. Thereafter, an order was granted directing the sale of the property at which time the husband purchased the wife's interest therein, the sale was confirmed, a Receiver's deed delivered to the husband and *the proceeds of the sale* deposited in a bank *to be applied to the support of the two children.*

Thereupon the wife moved to vacate all the above orders albeit she had been given notice of each stage of the proceedings.

The wife, on this appeal, contends that there are three issues involved, each of which will be treated separately.

First, the wife's contention that since the property in question was held by the husband and wife as tenants by the entirety, the interest of neither tenant could be divested by sequestration.

The majority of the cases cited by the appellant wife to substantiate her contention involve the issue of compulsory partition and it is contended that the holdings of these cases refusing such partition indicate that sequestration is also unavailable. The authorities cited hinge not only upon the peculiar nature of an estate held by the entirety, but also upon the inherent statutory limits upon the partition remedy itself. However, such limits are not present in section 233 of the Domestic Relations Law.

Several of the cases cited provide affirmative support for allowing sequestration. In *Stewart* v. *Stewart* (208 Misc. 795), the court refused to hold sequestration unavailable. On the contrary, the court assumed that sequestration might be available but rested its granting of the wife's motion to hold her husband in contempt on the fact that sequestration, under the circumstances there present, would not be an effectual remedy. The court observed (p. 797): " Generally, sequestration is unavailable unless there exists at the time of the issuance of the sequestration order a definite property right *in the defendant* ". (Emphasis supplied.) In *East Riv. Sav. Bank* v. *Kind* (26 Misc 2d 584), also cited by appellant wife, sequestration of property held by the entirety was denied but not for the simple reason that it was unavailable. On the contrary, the court was careful to point out that the wife's motion was denied because the hus-

band had made a sincere effort to comply with the ordered support payments. In *Forster* v. *Forster* (182 Misc. 382), Judge VAN VOORHIS allowed sequestration by the wife of property which the opinion indicates was held as tenants by the entirety. In *Menchillo* v. *Menchillo* (188 Misc. 528) the court clearly indicated that the only reason it denied the sequestration motion was because the defendant husband was not shown to be a nonresident as required by section 1171-a of the Civil Practice Act, the predecessor to section 233 of the Domestic Relations Law, the clear indication being that if he were a nonresident, sequestration would have been allowed. Finally, in *Britton* v. *Britton* (86 N. Y. S. 2d 771), sequestration by the wife of property held by the entirety was allowed.

In our opinion, sequestration is available when the property is held by the husband and wife as tenants by the entirety.

Second, it is claimed that the remedy of sequestration (Domestic Relations Law, § 233) is not available to a husband. The issue appears to be one of first impression, there being no present decisional law supporting the contention of either party.

The statute itself is in conflict and subject to more than one interpretation. The first sentence of the paragraph refers to the *defendant* as not within the State; cannot be found therein, or being in concealment. It is thereafter in regard to the use of the sequestered property that reference is made to the wife. Thus the statute might be structurally analyzed as follows: the first sentence, wherein the general availability of the remedy of sequestration — to a " *defendant* " in a marital action is set out, and the second sentence, wherein the specific uses to which the fruits of the sequestration may be put are described. These uses are (a) "the education or maintenance of any of the children of a marriage ", (b) "the support of the wife, or for her expenses in bringing and carrying on said action ". It should be noted that the first and separate use to which sequestered funds are available is for the support of the children and by statute such support may be charged against the wife (Family Ct. Act, § 414; Domestic Relations Law, § 240) and further the failure of the statute to explicitly provide that such funds may be used to support the husband is immediately explained by the fact that such an award is unusual and is specifically dealt with in section 101 of the Social Welfare Law, which has its own enforcement procedures in sections 101-a, 102, 103 and 104.

To permit in our present society such a literal and narrow construction of the statute as contended by the wife would seem to be in contradiction of the wife's statutorily created duty

to support the children of the marriage in a situation such as here and would be in contradiction of the purpose and intent of the Domestic Relations Law and the Social Welfare Law.

Section 234 of the Domestic Relations Law, of recent enactment, provides in part: "In any action for divorce, for a separation, for an annulment or to declare the nullity of a void marriage, the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties."

The "Practice Commentary" (David D. Siegel) with reference to this section states in part "The use of the phrase 'between the parties' in clause (2) of the first sentence further indicates that, while the converse is usually the case, the court would be empowered to assign possession of some of the *wife's* property to the husband, including such realty as the wife may own. In view of the general aim of the section to achieve 'flexibility', such a construction is not unwarranted. CPA § 1164-a was applicable to property held under a tenancy by the entirety. The tenure of the parties' holding under the instant section is immaterial. It can be owned outright by one spouse; it would still be within the section." (McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 234, pp. 127–128.) Section 32 "Persons legally liable for support of dependents" of article 3-A "Uniform Support of Dependents Law" provides: "3. Mother liable for support of her child or children under twenty-one years of age whenever the father of such child or children is dead, or cannot be found, or is incapable of supporting such child or children".

The present record establishes that the husband was incapable of supporting his two children upon his release from the institution and the sequestration of defendant's property for such support is the clear intent of the law when the various support sections are read together. In the present instance it is clearly inferable that had not such remedy been permitted, the children might have become public charges.

The principle that the primary duty of support rests on the father and secondly on the mother has long been established in this State. (See *Matter of Wignall* v. *Wignall,* 163 Misc. 910, 912; *Siegel* v. *Hodges,* 15 A D 2d 571, 572.)

If the statute, section 233 of the Domestic Relations Law, needs further clarification, it should be directed to the attention of the Legislature.

There are two cases which tend to support the respondent's position. In *Cox* v. *Cox* (266 App. Div. 38), this court ordered that if a wife did not agree to grant '' the use of her house '' to her husband who had been awarded custody of the children, she would have to pay him a stipulated weekly sum to be applied to the maintenance of the children. That case dealt with the former section 1170 of the Civil Practice Act. Insofar as it dealt with a place of abode it is quite similar in subject matter to that dealt with in the second to last sentence of section 233 of the Domestic Relations Law now under discussion. A second case which, although not directly in point, has some relevance in view of the court's observations as to the status of women in today's society is *Fluhr* v. *Fluhr* (44 Misc 2d 1098, 1100), where the court applied to the wife the presumption generally applied to a husband, which infers that moneys spent by a husband during marriage for properties taken jointly by both spouses are actually gifts to the wife. In so holding, Mr. Justice COHALAN observed that '' What is sauce for the goose is sauce for the gander. In this enlightened age when women demand equal standing with men in all fields of endeavor, they should be prepared to share the burdens as well as to accept the benefits.''

Third, it is contended that it was an abuse of discretion for the trial court to refuse to vacate the judgment of separation and the ensuing orders with reference to the sequestration of the real property of the parties hereto.

The facts in this case are not susceptible of granting the belated relief now sought by the wife where the affidavit on the motion to vacate gives no valid reason or justifiable excuse for ignoring the process of this State properly served on her in the State of California and what appears to be her intentional default. The court properly considered that the interest of third parties was involved. (See *Krupinski* v. *Krupinski,* 20 A D 2d 719, 720.) The equities weigh so heavily in favor of the husband that our intervention at this posture of the proceedings is unwarranted. We would further note that Special Term was of the opinion that the motion was not discretionary but upon the grounds that the court acted without power.

The order should be affirmed.

GIBSON, P. J., TAYLOR and AULISI, JJ., concur.

Order affirmed, with costs.