Alexander W. Kramer, J.
Plaintiff and defendant were married on May 22, 1948. There have been five issue of the marriage.
On or about August 18,1958, they became owners of premises known as 819 Lindenmere Drive, North Babylon, New York, as tenants by the entirety.
On or about November 10, 1964, they undertook a joint and several obligation with the County Federal Savings and Loan Association: the obligation was in the form of an extension agreement as a basic undertaking, secured by a mortgage upon the premises in question. The principal amount thereof was $14,400, payable at the rate of $84 per month — principal and interest — plus one twelfth of the annual taxes.
On or about June 9,1965, they entered into a separation agreement. The agreement was followed by a divorce. Defendant *121 lias remarried: he is no longer residing at the premises. However, the plaintiff and the five children have continued to reside in and maintain the premises as and for their home. Over the years the defendant has visited them, pursuant to the right to so do — all as set forth in the afore-mentioned agreement.
The defendant has been paying plaintiff $90 per week for the support of herself and five children — $15 per week per capita.
Plaintiff has been making the monthly payments to the mortgage institution: they have totalled $3,204 from August, 1965, through September, 1967. She seeks, in this action, to recover one half thereof or $1,602, from the defendant. He has interposed a counterclaim for the same amount for his share of the rents, issues, and profits.
The question to be herein decided is whether or not the plaintiff, defendant’s former wife, residing in a dwelling jointly owned by them, is entitled to the contribution sought.
Both parties have equal access to the premises, despite the fact that plaintiff and the children reside therein. The agreement, which apparently did not merge in the divorce, is, for the most part, silent as to the premises. The only indication therein is contained in paragraph “Fifth” thereof wherein the parties recognize their holding as a tenancy in common and agree to divide the net proceeds of a sale thereof equally if, as, and when such sales should take place. Nothing is indicated as to the right of occupancy or the continuing expenses of carrying the property.
Generally, when the marital status terminates in divorce, the relationship of tenants by the entirety changes to tenants in common. The parties recognized this and acknowledged it in the separation agreement. Contribution of mortgage payments, including taxes and interest, is allowable to the paying spouse. (Sirianni v. Sirianni, 14 A D 2d 432; Hosford v. Hosford, 273 App. Div. 659; 13 N. Y. Jur., Cotenancy and Joint Ownership, §§ 40, 43; 5 Warren’s Weed, N. Y. Real Property [4th ed.], p. 734; 86 C. J. S., Tenancy in Common, § 67, p. 447.)
The theory of contribution has been recognized by the defendant. The testimony herein indicates that he is in the insurance business; that he has renewed the policy of fire insurance from time to time; that he has paid the premium therefor, charging the plaintiff with her one half in making his usual payments to her.
The parties hereto specifically provided that the net proceeds of any sale would be equally divided. On a support figure of $90 for herself and five children, it would seem unduly burdensome to ask the plaintiff to carry the property for defendant’s *122 ultimate benefit. The mere fact that she and the children reside rent-free in and have the enjoyment of the premises — which do not bring in any revenue —■ should not override the fundamental relationship, duties and obligations of tenants in common. The plaintiff has undertaken other responsibilities in ordinary care, maintenance and preservation of the jointly owned asset. She does not seek contribution for them: they would offset a reasonable rental figure.
Defendant’s counterclaim should be dismissed.
Judgment is directed in favor of the plaintiff for $1,602.