■ HELEN ROSADO et al., Respondents, v EDUARDO ROSADO, Respondent, and VICTOR E. FERRARI et al., Appellants.—Order

of the Supreme Court, New York County (Xavier Riccobono, J.), entered March 28, 1985, which granted plaintiffs-respondents' motion to sever the cause of action pertaining to the infant Milagros Rosado, for the purpose of concluding the compromise of her action in the amount of $3,000, and restored the cause of action pertaining to the infant Martin Rosado to the Trial Calendar, unanimously reversed, on the law and the facts, and the motion denied, without costs.

On March 18, 1973 vehicles driven by Victor Ferrari and Eduardo Rosado collided. Hugo Ferrari owned the vehicle driven by Victor. Eduardo Rosado's car contained his wife Guillerma and their five children. Guillerma died as a result of the accident. In March 1977, at a pretrial conference before Justice Louis Kaplan, the parties reached a $40,000 settlement. This equaled all the insurance coverage and was to be divided among the plaintiffs, apparently in accordance with the degree of injury. By the time of settlement, three of the five children had reached majority. The other two, Martin and Milagros, were minors and needed a guardian ad litem. Milagros, 1½ at the time of the accident, suffered no serious injury. Tragically, Martin, 3½ at the time of the accident, sustained injuries that left him profoundly retarded. He was institutionalized and probably will remain institutionalized the rest of his life. In February 1981, the guardian ad litem signed an affidavit approving the settlement and urged the court to sign the order of compromise. This matter came before Justice Sandifer, who approved the $3,000 compromise for Milagros, but declined to sign the compromise order for Martin for $10,000.

By notice of motion dated May 7, 1984, plaintiff's counsel moved for an order restoring Martin's claim to the Trial Calendar, and severing Milagros' claim so that her compromise order could be signed. This motion was granted by Justice Riccobono in an order filed March 28, 1985. It is from this order that the defendants Ferrari appeal.

There are several complications. If Martin's case is restored to the Trial Calendar, the Ferraris may still have a binding settlement with other members of the Rosado family. In addition, it does not appear that Martin will gain from a trial. The only asset of value owned by the Ferraris is a house shared by Hugo and his wife as tenants by the entirety. For a lien against Hugo Ferrari's interest to have value, Mrs. Ferrari would have to predecease her husband or agree to sell the house. (*Hiles v Fisher,* 144 NY 306; *Secrist v Secrist,* 284 App Div 331, *affd* 308 NY 750.) Moreover, currently the State pays

Martin's hospital bills under the Mental Hygiene Law. Should Martin win an award from the Ferraris (liability still to be determined), the State would have a prior lien for services rendered to Martin. (Mental Hygiene Law § 43.03 [a].)

Under the circumstances, a trial 13 years after the accident and nine years after settlement, with these various complications, does not seem warranted. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Wallach, JJ.