OPINION OF THE COURT
James D. Pagones, J.
This petition filed by Angela A. Koehler, the administratrix, pursuant to SCPA 2107 for advice and direction is resolved as follows.
The fiduciary is the decedent’s spouse. The only other distributee besides petitioner is the parties’ infant son, now 11 years old. The decedent and petitioner owned a residence as tenants by the entirety located at 215 East Main Street, Beacon, New York. The property was the subject of a foreclosure action when they sold it to Stephanie Fogarty on March 24, 2005. The net sum of $89,550.45 remained for distribution. In the meantime, the decedent and Koehler were in the midst of an action for divorce commenced by the decedent. He died on December 21, 2005, approximately nine months after the sale. The action for divorce was still pending at the time.
The only other asset owned by the decedent was a truck. Of the $89,550.45 derived from the sale, half has been distributed to Koehler. She now seeks advice and direction concerning the balance, namely, $44,775.22. The question is whether this sum constitutes an asset of the decedent’s estate or belongs outright to Koehler as surviving spouse. If it is the former, it can be the subject of claims from potential creditors. If it is the latter, the surviving spouse owns it outright. (V.R.W., Inc. v Klein, 68 NY2d 560, 564 [1986].)
Discussion
In general, an action for divorce abates at the death of either party. (Cornell v Cornell, 7 NY2d 164, 169 [1959]; 48 NY Jur 2d, Domestic Relations § 2169.) Therefore, Angela A. Koehler’s status as the surviving spouse remained intact upon the death of her estranged husband. However, her interest in the net proceeds derived from the sale of the former marital residence has changed. When she and the decedent executed and delivered the deed to Stephanie Fogarty on March 24, 2005, their tenancy by the entirety terminated. They became owners of the proceeds of the sale as tenants in common. (Secrist v Secrist, 284 App Div 331, 333 [4th Dept 1954], affd 308 NY 750 [1955]; McKinney’s Cons Laws of NY, Book 17B, EPTL 6-2.2, Notes of Deci *208 sions, n 140.) As tenants in common, they each had. an equal right to possess and enjoy all or any portion of the property as if the sole owner. (Myers v Bartholomew, 91 NY2d 630, 632-633 [1998]; 24 NY Jur 2d, Cotenancy and Partition § 3.) Therefore, the decedent was entitled to full use and possession of his share of the net proceeds.
The sum of $44,775.22 is an asset of the estate. It is subject to the setoff of $15,000 and certain items of property described in EPTL 5-3.1. The balance may be susceptible to claims from potential creditors. The fiduciary has the power by statute to contest, compromise or otherwise settle claims of creditors. (EPTL 11-1.1 [b] [13].) She can settle the matter by petitioning the court under SCPA 1809 to determine their validity and enforceability if so disposed. (Turano and Radigan, New York Estate Administration § 5.07 [c] [2007].)