Benjamin Brenner, J.
This is an action for an annulment, partition and the revocation and cancellation of a joint will executed by the parties. Plaintiff moves pursuant to rule 102 of the Rules of Civil Practice to require the defendant to make several of her affirmative defenses more definite and certain and, pursuant to rule 109, to strike out other affirmative defenses to plaintiff’s second and third causes of action. The latter motion tests the validity of such defenses, so that the sufficiency of the complaint is open to attack because such motion searches the record (Hamilton Rubber Mfg. Co. v. Greater New York Carpet House, 47 N. Y. S. 210, affd. 269 App. Div. 681; Mason v. Curtis, 223 N. Y. 313, 319). If the causes of the complaint involved are *878 clearly insufficient, they must be dismissed and. the motion addressed to them denied. (Arista Oil Prods. Corp. v. Dutch Amer. Mercantile Corp., 1 A D 2d 877; Rules Civ. Prac., rule 109.)
The plaintiff and defendant were married in Germany in 1949. They were victims' of Nazi and Communist upheavals and became displaced persons. The defendant was a widow with a daughter and the parties were under the impression that plaintiff’s wife had perished. The whereabouts of his three children were unknown. Eventually, the parties came to this country and in 1956 they jointly purchased a one-family home, the subject of the action for partition. In 1958 they executed a joint will. Thereafter plaintiff received word from one of his daughters, who had finally been located, that his wife and children were still alive, whereupon he instituted this suit.
The photo static copy of the deed to the premises indicates that the property was purchased by the parties as tenants by the entirety. It has long been established that where title is taken in the names of husband and wife so as to create a tenancy by the entirety, a partition action will not lie. (Civ. Prac. Act, § 1012; Vollaro v. Vollaro, 144 App. Div. 242; Medina v. Medina, 206 Misc. 1100.) Until termination of the marriage, there is a presumption of its validity and the property remains in the parties as tenants by the entirety. If the plaintiff is successful in his first cause of action terminating his marriage to defendant on the ground that his first wife remains alive, then the severance of the relationship of husband and wife would create a tenancy in common. (Hosford v. Hosford, 273 App. Div. 659.) Since no cause of action for partition could possibly exist until a severance of marital relationship would alter the nature of their tenancy, the second cause must be dismissed.
As to the third cause of action for a revocation of the joint will, it has been held that the reciprocal provisions thereof constitute a contract between the parties which is revocable by either during their joint lives by the giving of notice to the other, becoming a fixed obligation upon the death of either one without such notice. (Edson v. Parsons, 155 N. Y. 555, 566; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544.) (See, also, Decedent Estate Law, § 34.) The agreement becomes executed by the death of one and the acceptance by the other of the benefits of the arrangement and the survivor is bound thereby and the contract is enforcible at his death (Rastetter v. Hoenninger, 214 N. Y. 66), but until the death of either party the parties can revoke the will. I am of the view therefore that the plaintiff has an adequate remedy at law which is as com *879 píete, prompt and efficient as the equitable remedy sought in such third cause of action and the court should not be required to determine that issue. (Boston & Maine R. R. v. Delaware & Hudson Co., 238 App. Div. 191, 196.)
The second and third causes of action require dismissal and the motions must be denied as academic.
Settle order on notice.