Miles F. McDonald, J.
Motion by the defendant for an order directing summary judgment in his favor pursuant to rule 113 of the Rules of Civil Practice denied, and summary judgment granted in favor of the plaintiff against the defendant for a partition and division of the real property set forth in the complaint.
This is an action for the partition of real property located in the Borough of Brooklyn. The property in question was pur *384 chased by the parties hereto in 1951 as tenants by the entirety at which time a valid marriage subsisted between them. On July 24, 1956 the parties entered into a separation agreement under the terms of which they agreed to live separate and apart and certain provisions were made for the support of the plaintiff and her three children. The agreement contains 24 paragraphs and is 14 pages in length. A reading of the agreement leaves no doubt that the parties carefully and minutely settled both their marital and financial differences. The agreement is detailed as to the moneys and other securities given to the plaintiff wife and is also explicit as to the defendant’s obligation to support his wife and children.
The provisions of paragraphs “ 12 “ 13 ” and “ 21 ” of the agreement are determinative of the issues on the present application. They read as follows:
“ 12. The Wife and Husband are mutual owners by the entirety of premises 870 Ocean Avenue, Brooklyn, New York, where the Husband also maintains an offiec for the practice of medicine, upon which there was a mortgage of $20,000.00, which has now been reduced to approximately $14,000.00. The Husband agrees to maintain said premises and to pay all taxes, insurance, carrying charges for the house, gardening expenses, etc., and to keep the house in repair; and in the event that at any time in the future, any income should accrue from a tenant in the house or otherwise, over and above the carrying charges, the Husband agreed that such profit shall be shared equally between the Husband and the Wife. Both parties hereby agree that they will not unreasonably withhold their consent to the sale of the said premises, in the event a purchaser for the property can be obtained, and offers a fair and reasonable price, and each of the parties hereby agrees to execute a deed, release or any other instrument or paper necessary to effect the sale of the said premises, provided, however, that the Husband decides to vacate his medical office at such time. However, he is under no obligation to do so.
“ 13. It is further agreed that in the event that the Wife or Husband institutes an action for absolute divorce in any jurisdiction, the Judge or Referee presiding in such action and hearing the evidence therein, may be apprised of the execution. of this agreement; and each of the parties to this agreement hereby further consents that the provisions herein agreed upon, shall be incorporated and be made a part of any interlocutory or final decree of absolute divorce; and each of the parties hereto further agrees to sign, execute and deliver to the other, upon demand, and without any cost, any agreement or instrument which may *385 be required to effectuate the purposes of this agreement, and it is expressly agreed between the parties hereto, that this agreement and each and every provision thereof, shall survive any such action for divorce, and shall be forever binding and conclusive on the parties hereto.
‘ ‘ In the event a decree of divorce is obtained by either of the parties hereto, as hereinabove set forth, then and in that event, the Wife agrees to remove from those portions of the premises occupied by her at 870 Ocean Avenue, Brooklyn, New York, within sixty days after such decree of divorce is final, and it is further understood and agreed that the furniture and fixtures which the Wife owns in the aforesaid premises may be removed thereafter from the said premises at any time at her own convenience. The Wife agrees to give the Husband twenty-four hours notice of her desire to visit the said premises, or any part thereof, after she moves therefrom. * * *
1 ‘ 21. The Husband and Wife agree that the deed to premises 870 Ocean Avenue, Brooklyn, New York, which is now owned by them as tenants by the entirety, may at any time be converted into a deed with the parties hereto as tenants in common of said premises, if both the Husband and Wife agree to such a conversion.”
It further appears that plaintiff was granted a final and absolute decree of divorce against the defendant in or about July, 1956 in the Bepublic of Mexico and that the separation agreement heretofore referred to was incorporated in that decree.
The defendant in support of his motion for summary judgment asserts that the action for partition brought by the plaintiff is premature in that no person, firm or corporation has made a fair and reasonable offer to purchase the premises, and no demand was made to execute a deed. Defendant further asserts that he is still engaged in the practice of his profession of medicine and maintains his medical office at the subject premises and that therefore under the terms of the agreement he is under no obligation to consent to a sale. Defendant further claims that it therefore follows that if he is not obliged to sell, no action for partition may be instituted.
There is no claim made by the defendant contesting the validity of the Mexican decree. As a matter of fact the defendant has remarried since the final decree of divorce was entered against him, occupies the subject premises for the practice of medicine and lives there with his wife and two children of this present marriage.
*386 Where a husband and wife own real estate as tenants by the entirety and are divorced thereafter, they hold the property as tenants in common (Yax v. Yax, 240 N. Y. 590; Hosford v. Hosford, 273 App. Div. 659; Awramenko v. Awramenko, 19 Misc 2d 877).
A reading of the affidavit submitted by the defendant in support of his motion for summary judgment fails to disclose that the defendant seriously contests the fact that he and the plaintiff now own the property as tenants in common. Partition is an inherent right of tenants in common.
There are no restrictions or conditions imposed by section 1012 of the Civil Practice Act in the institution of an action for partition. In Chew v. Sheldon (214 N. Y. 344, 348) the court stated: 1 ‘ It is a well-settled rule that at common law, as well as by statute, partition among tenants in common of real property is a matter of right, where they do not desire to hold and use the property in common.”
Defendant’s claim is that the action is premature, and he seeks to have the court construe the agreement made between the parties as an agreement not to partition the real property. It is well established that an agreement not to partition real estate during a certain time constitutes a legal defense to an action for partition (Smith v. Smith, 214 App. Div. 383). If the court should be satisfied that the parties by the instrument in question agreed not to partition the property during a certain time, then, of course, the defendant must prevail. The law is also well settled that if tenants in common enter into an agreement not to partition the real property, in order for the agreement to be valid and binding, it must contain a limitation of time or express contingency which might terminate the agreement, otherwise same would be void as against public policy, in that the power to alienate would be suspended for an unreasonable time. (See Geoffroy v. Schmidt, 279 App. Div. 912.)
A reading of the agreement fails to disclose any language from which it may be fairly inferred that the parties agreed not to partition the real property. At best, it may be construed as an agreement under which the plaintiff and defendant as tenants in common, agreed that the defendant would operate the premises and be permitted to maintain his medical office at the premises.
In Deeb v. Goryeb (258 App. Div. 93, 94) the court stated:
‘ ‘ There was nothing in the contract binding either party not to demand a partition. * * * As tenants in common, there is a statutory right to partition at any time and the breach of a collateral agreement governing the management of the property *387 would constitute no defense thereto.” (See, also, Socoloff v. Socoloff, 14 Misc 2d 604; Geoffroy v. Schmidt, supra.)
It has been held that, where a husband and wife, having an estate by the entirety, enter into an agreement whereby the husband was to receive all the rents and profits in consideration of his paying the wife a certain sum each month, on change of the estate to a tenancy in common by a decree of divorce, the existence of the agreement was no defense to an action for partition by the husband in which he sought any relief against the agreement (Buttlar v. Buttlar, 67 N. J. Eq. 136).
Defendant, in moving for summary judgment, relies wholly upon the written agreement entered into between the parties and urges its validity. He makes no attack upon same by reason of fraud, mistake, duress or undue influence or illegality of the subject matter or consideration. It is a fundamental rule of law that all prior negotiations between the parties to a written contract are superseded by, and merged in, the written instrument itself when finally executed. Therefore, evidence of conversations, understandings, or negotiations between the parties to a complete, valid agreement, as in the case at bar, either prior to, or at the time of its execution, is inadmissible to contradict, vary, add to, or subtract from its terms (Thomas v. Scutt, 127 N. Y. 133; Smith v. Smith, 214 App. Div. 383, supra). No claim has been advanced by the defendant concerning the validity of the agreement which would bring the case within the exceptions to the parol evidence rule. As a matter of fact the defendant relies upon the plain terms of the agreement and any oral testimony at the trial to vary the terms of the agreement would be inadmissible.
This court is unable to find any provision of this contract which could be intended as an agreement between the parties not to partition the real property in question. The plaintiff and defendant being tenants in common, there is a statutory right by either party to partition at any time in the, absence of an agreement not to partition for a reasonable length of time.
Although the plaintiff has not cross-moved for summary judgment, rule 113 of the Rules of Civil Practice provides that if it shall appear that any party other than the moving party is entitled to summary judgment, the court may grant such judgment without the necessity of a cross motion.
Accordingly, the court being of the opinion that plaintiff has properly stated a valid cause of action for partition and that there is no defense to the action, the court directs that summary judgment be granted in favor of the plaintiff. Settle order in accordance wdth the terms of this decision.