MARGARET KRAUS, Plaintiff, *v.* HARRY G. HUELSMAN, Defendant.

Supreme Court, Monroe County, February 3, 1967.

*Fulreader & Rosenthal (Marvin J. Rosenthal* of counsel), for defendant. *Erwin N. Witt* for plaintiff.

G. ROBERT WITMER, J. This is a motion by the defendant for judgment under CPLR 3211 (subd. [a], par. 7) dismissing the complaint for failure to state a cause of action. Two causes of action are alleged in the complaint; the first for partition of real estate in Monroe County, New York, which the parties acquired as tenants by the entirety in 1956; the second for an accounting of the rents and profits collected by the defendant from said property. In the first cause of action plaintiff alleges that she and defendant were husband and wife when they acquired said real estate; that in April, 1966 she obtained a divorce from defendant in Kentucky; and that by reason thereof the plaintiff and defendant have become owners of said real estate as tenants in common; and she asks that it be partitioned.

Defendant's motion to dismiss this cause of action rests upon the premise that the Kentucky divorce did not convert the tenancy by the entirety in said realty into a tenancy in common; and upon the established law that no action to partition lies in favor of one tenant by the entirety against the other (*Anello* v. *Anello,* 22 A D 2d 694; *Vollaro* v. *Vollaro,* 144 App. Div. 242; Real Property Actions and Proceedings Law, § 901). In response, plaintiff relies on the rule that when the parties who own real estate as tenants by the entirety are divorced in the State of New York, the tenancy is severed and becomes a tenancy in common. (*Stelz* v. *Shreck,* 128 N. Y. 263; *Hosford* v. *Hosford,* 273 App. Div. 659.)

In support of his motion the defendant shows that the plaintiff left him and went to the State of Kentucky to live. She instituted

her action for divorce there, alleging therein that no real estate or personal property was subject to the action, and that defendant resided in Rochester, New York, and that plaintiff believed he would remain out of the jurisdiction of Kentucky. No summons or complaint was served upon defendant in Kentucky or in New York. Instead, in accordance with Kentucky practice, a Warning Order Attorney was appointed in the action in Kentucky, and he wrote a letter to the defendant advising him of the institution of the action for divorce by the plaintiff in Kentucky, and that unless defendant defended the action, default judgment would be taken against him. The defendant did not reply, defend or submit to the jurisdiction of the Kentucky court; and plaintiff was awarded her divorce, it is assumed on this motion, in accordance with Kentucky law.

In opposition to the motion plaintiff submits an affidavit from the Kentucky attorney who represented her in obtaining the divorce, and in it he states " That under the law of the Commonwealth of Kentucky, constructive service gives this Court [in Kentucky] jurisdiction but will not give jurisdiction over property that is not within the jurisdiction of this commonwealth." Thus, plaintiff's action in Kentucky did not purport to adjudicate property rights between plaintiff and defendant; and her Kentucky attorney acknowledges that in any event Kentucky had no jurisdiction to adjudicate the rights of the parties to New York real estate.

It is plaintiff's position here that the Kentucky divorce adjudicated the marital status of the parties (*Williams* v. *North Carolina*, 325 U. S. 226); that a tenancy by the entirety depends upon the parties to it being man and wife; and that since the plaintiff and defendant are no longer man and wife, the property status has changed to that of tenancy in common. It is a bootstrap argument. True it is, that for a tenancy by the entirety to come into existence the parties to it must be man and wife; but the tenancy is a property right, and a party to it may not be deprived thereof by a foreign court lacking personal jurisdiction over him. (*Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342; *Burford* v. *Burford*, 24 A D 2d 491; *Anello* v. *Anello*, 22 A D 2d 694, *supra*; *Huber* v. *Huber*, 26 Misc 2d 539, cited with approval in *Anello* v. *Anello*, *supra*.)

In *Lynn* v. *Lynn* (302 N. Y. 193, 200–201) the court said " The ' divisible divorce ', anomalous though it may at first appear, has become a recognized concept; it is now familiar law that a divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage." In *Vanderbilt* v. *Vanderbilt* (*supra*,

p. 351) the court said: "Until *Williams* v. *North Carolina* (325 U. S. 226, *supra*) made effective in this State ex parte divorces like that gotten by this defendant, such divorces had no effect here as to either marriage status or property rights. Then came *Williams* v. *North Carolina*, and New York had to give effect to such decrees as terminating marriages. But in the background was *Pennoyer* v. *Neff* (95 U. S. 714) and its ancient and undisturbed rule that personal service within the State where suit is brought (or waiver of such service) is required for due process of law to support a personal judgment. So, that part of a foreign (nonpersonal service but otherwise jurisdictionally valid) divorce decree which dealt with status had to be given effect in New York as terminating the marriage but was entitled to no effect at all so far as support or other property rights were concerned. The question is not whether the economic liabilities of a marriage can validly be held to survive a valid divorce. The point is that the divorce obtained by defendant was valid as to status only, but not as to property." Thus, defendant's interest in the tenancy by the entirety has not been affected by the foreign divorce; and plaintiff's action in partition may not be maintained.

The plaintiff places reliance on *Albin* v. *Albin* (26 Misc 2d 383, 385, affd. 12 A D 2d 933) and on *Topilow* v. *Peltz* (25 A D 2d 874). In both those cases, however, the defendant remarried in reliance upon the foreign divorce decree, and was hence deemed to have accepted the divorce and the full consequences thereof as though he or she had personally submitted to the jurisdiction of the foreign court. In the case at bar defendant swears, and plaintiff does not dispute or assert lack of knowledge, that he has not remarried and has in no way relied upon the divorce decree, and he stands on his property right in the tenancy by the entirety.

Plaintiff's second cause of action, however, is valid. A party to a tenancy by the entirety, out of possession, is entitled to an accounting by the other party of the rents and profits he has collected from the property. (*Neilitz* v. *Neilitz*, 307 N. Y. 882, 884; *Hiles* v. *Fisher*, 144 N. Y. 306, 315; *Leis* v. *Shaughnessy*, 26 Misc 2d 536; *Medina* v. *Medina*, 206 Misc. 1100.)

The motion to dismiss the complaint is, therefore, granted to the extent of dismissing the cause of action for partition, and it is denied as to the cause of action for an accounting.