Marshall E. Livingston, J.
This is a motion to strike the second and third paragraphs of defendant’s answer, designated as an affirmative defense, to plaintiff’s complaint in an action for partition.
The property in question is located in Eochester, New York, and was purchased by the parties, as tenants by the entirety, on October 13, 1965, at which time a valid marriage existed between them.
Subsequently marital difficulties arose, and the parties entered into a written separation agreement, which was duly executed by the husband on May 14,1971, and by the wife on May 20,1971.
On June 14,1971 a divorce was granted to the plaintiff against the defendant, and final judgment was entered on July 8, 1971, which incorporated the separation agreement by reference, but did not merge the same in the decree.
The affirmative defense sought to be stricken is stated as follows: ‘ ‘ SecondThat plaintiff and defendant prior to the commencement of this action agreed with each other that neither of them would bring or prosecute [sic] an action for the partition of such property in any court without the consent of the other party but would hold and continue to hold said property as tenants in common until such time as a private sale thereof could be made without loss upon the original investment or at such lesser figure as should be agreed to.
‘ ‘ ThirdThat this action has been brought without the consent of the defendant.”
Incidentally, all pleadings, including the bill of particulars were duly verified by the parties. Passing to the bill of particulars for a moment, the plaintiff demanded to know :
“ 1. State the date or dates when, and the place or places, the Agreement referred to in the paragraph ‘ 2nd ’ of the Answer, was entered into.
*846 ‘£ 2. State whether said Agreement was oral or in writing, and if in writing set forth a complete copy thereof ’ ’, to which demand the defendant replied:
£ £ 1. That the plaintiff and defendant prior to the commencement of this action and on or about the 20th day of May, 1971, entered into the agreement stated in Paragraph £ 2 ’ of defendant’s answer.
£ £ 2. The agreement referred to was oral and was made between the defendant’s attorney and the plaintiff’s attorney at the time the separation agreement was entered into. ’ ’
In addition, on the argument and in his brief, defendant urges that paragraph 9 of the separation agreement which follows:
‘ ‘ That if the marriage between the parties hereto shall be dissolved, by the order, judgment or decree of any court of competent jurisdiction, then, and in such case, the consideration mentioned herein, passing from the husband to the wife, shall be in full satisfaction and discharge of alimony and other claims and demands that might, or could be made by the wife against the husband for any cause whatsoever; and this agreement shall be incorporated in said decree of divorce by reference but shall not merge, but survive, said decree ”, is a complete release of all causes of action against the defendant, and said release contained no exceptions. Therefore, claims the defendant, the intention of the parties was that the plaintiff wife would not be able to sue for a partition of the property.
Despite the mandate of CPLR, 3018 (subd. [b]) that an affirmative defense be pleaded, I am considering the so-called release as though it had been affirmatively pleaded in the answer for the purposes of this motion.
The various aspects of this motion are substantially and effectively determined by long-standing precedent. The law is well settled that an absolute divorce or annulment severs a tenancy by the entirety and creates from that moment a tenancy in common between the parties with all the implications of such a tenancy. This includes the privilege to either party to partition the property, provided there is no valid limiting prohibition by agreement between the parties (15 N. Y. Jur., Domestic Relations, § 169 and cases cited therein).
Paragraph 9 of the separation agreement quoted above cannot be an unconditional and permanent bar waiving the privilege of partition. This would in effect suspend the power of alienation for what might be an unreasonable time and thus be void as against public policy (Albin v. Albin, 26 Misc 2d 383, 386, affd. 12 A D 2d 933).
*847 There is nothing in the separation agreement which indicates the parties had a solution in mind relating to the disposition of their property after a divorce. The dates of the parties’ execution of the separation agreement, May 14 and May 20, 1971, as well as the defendant’s verified answer and bill of particulars, clearly negate any suggestion of a prior agreement to forgo the privilege of partition. The bill of particulars frankly says the agreement was made by the ‘ ‘ attorneys ’ ’. Certainly the bald admission by the defendant in his bill of particulars that the attorneys for the parties agreed without any show of authority to do so would render inadmissible such proof. More important, ‘ ‘ Evidence of conversations, understandings, or negotiations between the parties to a complete, valid agreement, as in the case at bar, either prior to, or at the time of its execution, is inadmissible to contradict, vary, add to, or subtract from its terms ’ ’ (Albin v. Albin, 26 Misc 2d 383, 387, supra).
The affirmative defense in paragraphs 2 and 3 in the answer is stricken, and the affirmative defense of release urged and considered on the motion is also stricken. The general denial in the answer is stricken because all the elements of the complaint are unequivocally substantiated either by the separation agreement executed by the defendant or by the records in the Monroe County Clerk’s office respecting the conveyance to the parties and in the Ontario County judgment of divorce.
CPLR 3211 (subd. [c]) permits the court, when a motion is granted to dismiss one or more defenses, to treat the motion as one for summary judgment.
Therefore, the plaintiff’s motion is granted, and in addition the general denial is stricken, and summary judgment granted in favor of the plaintiff against the defendant for a partition and divsion of the real property set forth in the complaint.