T.C. Memo. 1996-15


UNITED STATES TAX COURT


DOUGLAS RITTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22351-93.          Filed January 22, 1996.


Douglas Ritter, pro se.

<u>Kevin M. Murphy</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) of the Code and Rules 180, 181, and 182. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $3,845, and an addition to tax under section 6651(a)(1) in the amount of $961. The Court must decide: (1) The amount of rental income petitioner received from the Broome County, New York, Department of Social Services for the year 1991; (2) whether petitioner is entitled to any deductions for rental expenses incurred; (3) whether petitioner is entitled to three additional dependency exemptions; and (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file a tax return.

Some of the facts in the case have been stipulated and are so found. Petitioner resided in Lisle, New York, at the time he filed his petition.

For clarity and convenience, the findings of fact and opinion have been combined.

In 1991, petitioner owned the following real property in Broome County, New York:

    41 Charlotte Street, Binghamton, New York
    18 Pleasant Avenue, Binghamton, New York
    RD 2, Box 133 and 134, Conklin, New York

In 1991, petitioner owned the following real property with his wife, Carole Ritter, as tenants by the entireties:

    53 Mary Street, Binghamton, New York
    99-101 Robinson Street, Binghamton, New York
    Langdon Grove, Kirkwood, New York
    Church Road, Lisle, New York

Petitioner also owned and operated a pest control business that served a 50-mile area in and around Broome County. Petitioner operated this pest control business from his home and an office located at the 99-101 Robinson Street, Binghamton, property. Petitioner reported no income or expense from this business. In the absence of any proof of income or of expense, we leave this matter where the parties left it.

The Broome County Department of Social Services (Social Services) reported on a Form 1099-MISC that it paid $26,618.70 to petitioner in 1991. This amount represented rental payments for clients of Social Services who occupied apartments in petitioner's properties. According to documents from Social Services, petitioner received payments in 1991 from Social Services with respect to the following properties:

    53 Mary Street, Binghamton, New York
    99-101 Robinson Street, Binghamton, New York
    18 Pleasant Avenue, Binghamton, New York
    RD 2, Box 133 and Box 134, Conklin, New York

The Form 1099-MISC from Social Services was issued in petitioner's name only. Neither petitioner, nor his wife, reported this income on a 1991 tax return. Petitioner conceded that he failed to file Federal income tax returns since 1984.

Respondent determined petitioner's tax liability based on the $26,618.70 reported on the Form 1099-MISC from Social Services, as well as on $5 of unreported interest income from Marine Midland Bank. Respondent computed the deficiency with the

filing status of "married, filing separate", and allowed petitioner one personal exemption, as well as the standard deduction.

Rental Income

Petitioner argues that a portion of the rental income he received from Social Services was for properties he owned jointly with his wife and therefore half the payments are not his income.

Under New York law, if property is held by a husband and wife as tenants by the entireties, then each is entitled to one-half of the rents and profits from such property.  Kraus v. Huelsman, 52 Misc.2d 807, 276 N.Y.S.2d 976 (Sup. Ct. 1967), affd. 287 N.Y.S.2d 365 (App. Div. 1968); Hiles v. Fisher, 39 N.E. 337 (N.Y. 1895); Colabella v. Commissioner, T.C. Memo. 1958-136. Where, under State law, each property is owned by husband and wife as tenants by the entireties, one-half of the resulting income is taxable to each.  Greene v. Commissioner, 7 T.C. 142, 152 (1946); Colabella v. Commissioner, supra.

We have found that petitioner and Mrs. Ritter owned 53 Mary Street and 99-101 Robinson Street properties as tenants by the entireties.  Under New York law, petitioner and Mrs. Ritter were entitled to share equally the rental income.  It is thus immaterial for tax purposes that petitioner received the rent in his name only.  Greene v. Commissioner, supra.

Accordingly, we hold that $4,105 and $3,838, which represents half the rental income from the 53 Mary Street and 99-

101 Robinson Street properties, respectively, is includable in petitioner's income for 1991. We further hold that the remaining rental income of $10,732.70 reported on the Form 1099-MISC, as well as the $5 of interest income, is includable in petitioner's income for 1991. In short, petitioner failed to report $18,680.70 of income for 1991.

## Rental Expenses

Petitioner contends he has incurred rental expenses with respect to the properties that he should be able to deduct against the income he received. Petitioner submitted the following list at trial:

```
53 Mary St.
     utilities        $2293.55
     taxes            $3341.58
99-101 Robinson St.
     utilities        $2617.28
     taxes            $3713.20
18 Pleasant Ave.
     taxes            $1067.34
RD2-Conklin prop.
     taxes             $576.17
     trash removal     $644.16
41 Charlotte St.
     taxes            $1494.73
Church Road
     taxes             $429.17
Langdon Grove
     taxes            $1294.16
     trash removal    $1043.95
```

Taxpayers do not have an inherent right to take tax deductions. Deductions are a matter of legislative grace, and taxpayers must establish their right to take them. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v.

Helvering, 292 U.S. 435, 440 (1934).  Taxpayers also have the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner's rental expenses are deductible under sections 162 or 212 only if his use of the properties constituted an activity engaged in for profit.  Sec. 183(a).  The test to determine whether an activity is engaged in for profit is whether the individual engaged in the activity with the "actual and honest objective of making a profit."  Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).  The taxpayer's expectation of earning a profit need not be reasonable, but the taxpayer must establish that the activities were continued with a bona fide profit objective. Dreicer v. Commissioner, supra; Hager v. Commissioner, 76 T.C. 759, 784 (1981); sec. 1.183-2(a), Income Tax Regs.  Whether the taxpayer had such an objective must be determined by reference to all the surrounding facts and circumstances, and greater weight is given to such facts than to the taxpayer's statement of intent.  Dreicer v. Commissioner, supra.  The regulations set forth various factors to consider.  Sec. 1.183-2(b), Income Tax Regs.

Petitioner substantiated $3,218.06 of real estate taxes paid in 1991 for the Church Road, Charlotte Street, and Langdon Grove properties.  Petitioner has produced no records or history of income for the Church Road, Charlotte Street, and Langdon Grove

properties. Consequently, at trial we sustained respondent's disallowance of the related expenses as deductions under section 162 or 212 due to a failure by petitioner to prove that he was engaged in an activity for profit with respect to these properties. Sec. 183.

Even so, the real estate taxes petitioner paid on these properties could be deductible under section 164 and allowable under section 183(b)(2). Brannen v. Commissioner, 78 T.C. 471, 499-500 (1982), affd. 722 F.2d 695 (11th Cir. 1984). Section 164, however, is an itemized deduction. See sec. 63(d); sec. 62(a). Section 63 and the regulations thereunder do not authorize the election to itemize deductions unless a return is filed. Sec. 63(e)(1). Because petitioner failed to file a return for the year in issue, he did not make the required election. Consequently, petitioner is not entitled to any itemized deductions for the year. Andreas v. Commissioner, T.C. Memo. 1993-551. Thus, petitioner may not deduct under section 164 any real estate taxes he may have paid in 1991 for the Church Road, Charlotte Street, and Langdon Grove properties.

After consideration of the record, we conclude that petitioner's use of the following properties constituted an activity engaged in for profit:

    53 Mary Street, Binghamton, New York
    99-101 Robinson Street, Binghamton, New York
    18 Pleasant Avenue, Binghamton, New York
    RD 2, Box 133 and Box 134, Conklin, New York

Based upon substantiation submitted by petitioner at trial, we have determined the expenses paid with respect to these properties to be as follows:

| | |
|---|---|
| 53 Mary Street: | $4,318.87 |
| 99-101 Robinson Street: | $5,178.72 |
| 18 Pleasant Avenue: | $712.11 |
| RD 2, Box 133 and Box 134: | $576.17 |

As outlined above, these substantiated expenses consist of utilities, trash removal, and real property taxes paid during 1991. Because petitioner jointly owned both the 53 Mary Street and 99-101 Robinson Street properties with Mrs. Ritter, he is only entitled to deduct half of the utility and trash removal expenses for those properties. White v. Commissioner, 18 T.C. 385 (1952). Although the payment of real property taxes by a co-owner has been treated differently than the payment of other expenses, the threshold requirement for allowing a co-owner to deduct 100 percent of the property taxes paid is that the co-owner must have paid the taxes with his separate funds. Higgins v. Commissioner, 16 T.C. 140 (1951); Powell v. Commissioner, T.C. Memo. 1967-32.

In this case, we find that Mrs. Ritter made the half of the property tax payments with her own money; i.e., the rents petitioner collected on her behalf. Thus, petitioner only paid one-half of the property taxes on the jointly owned rental properties. Accordingly, we find that petitioner is entitled to deduct one-half of the expenses paid for the 53 Mary Street and

99-101 Robinson Street properties, and all of the expenses paid for the 18 Pleasant Avenue and RD 2, Box 133 and Box 134 properties, for a total of $6,037.08 in rental expenses for the 1991 taxable year.

Additional Dependency Exemptions

Petitioner claims he is entitled to dependency exemptions for his wife and two of his children who lived at home in 1991. The burden of proving error in the Commissioner's determination is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 151(b) provides that a taxpayer who does not file a joint return may claim a dependency exemption for a spouse if the spouse has no gross income and is not the dependent of another taxpayer for the year in question. Section 151(c) allows an exemption for each of a taxpayer's dependents, as defined in section 152, who is a child of the taxpayer under age 19 or, if a student, under age 24. A taxpayer's child who receives over one-half of the child's support from the taxpayer is a dependent. Sec. 152(a)(1). The fact that a taxpayer failed to file a tax return does not preclude him from claiming the dependency exemptions. Yoder v. Commissioner, T.C. Memo. 1990-116.

In the instant case, Carole Ritter jointly owned the 53 Mary Street property and the 99-101 Robinson Street property with petitioner. She earned gross income in the form of rents received from Social Services for those properties. Accordingly,

petitioner is not entitled to claim Mrs. Ritter as an exemption for the 1991 taxable year.

Mrs. Ritter testified that in 1991 two of their children lived at home. The oldest child attended high school. We find that petitioner has met his burden of proof and is entitled to exemptions for his two children for the 1991 taxable year.

Section 6651(a)(1) Addition to Tax

Petitioner, though he earned at least $18,680.70 in 1991, did not file a Federal income tax return for 1991. Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted, unless such failure was due to reasonable cause and not willful neglect. Fischer v. Commissioner, 50 T.C. 164, 177 (1968). Petitioner bears the burden of showing reasonable cause. Fischer v. Commissioner, supra. Petitioner presented no credible evidence as to why he failed to file a Federal income tax return for the year in issue. Accordingly, respondent's determination with respect to the addition to tax under section 6651(a)(1) is sustained.

At trial, we strongly advised petitioner to file the required income tax returns. We again warn petitioner that his tax protester arguments, which we struck from his petition at a motions' session hearing, are meritless. Rowlee v. Commissioner, 80 T.C. 1111 (1983). If petitioner persists in making such

arguments in the future, he should be aware that he may be subject to a penalty of up to $25,000 under section 6673.

<u>Decision will be entered under Rule 155.</u>